# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 22-1047**

**September Term, 2022**

FILED ON: DECEMBER 29, 2022

GERALD E. BROWN,

        PETITIONER

v.

BILLY NOLEN, ACTING ADMINISTRATOR AND FEDERAL AVIATION ADMINISTRATION,

        RESPONDENTS

---

On Petition for Review of an Order
of the National Transportation Safety Board

---

Before: SRINIVASAN, *Chief Judge*, HENDERSON and PILLARD, *Circuit Judges*

## J U D G M E N T

This petition for review was considered on the record from the National Transportation Safety Board and on the briefs and oral argument of the parties. The panel has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the petition for review be **DENIED**.

Gerald Brown, a United Parcel Service (UPS) pilot, petitions for review of a decision of the National Transportation Safety Board (NTSB), affirming the Federal Aviation Administration's (FAA) revocation of his airline transport pilot certificate based on an alleged in-air altercation between Brown and another crewmember. Brown contends that the NTSB erred in affirming the credibility determinations, factual findings, legal conclusions and spoliation ruling of the Administrative Law Judge (ALJ) after an administrative hearing. We disagree and, for the reasons set forth below, we deny the petition for review.

### I.

This case arises out of a confrontation in the cockpit of UPS flight 37 transporting a shipment from Sydney, Australia to Shenzhen, China on November 27, 2016. The captain of the flight, Joseph Moon, served as the monitoring pilot during takeoff. The petitioner, Brown, served

as the flying pilot and first officer of the flight. They were joined by Sven Zimmer, the international relief officer, who stood ready to relieve resting crewmembers during the flight.

Moon and Zimmer testified that during takeoff Brown lifted the plane into the air before it had reached a speed appropriate for takeoff. When Moon later asked Brown about his takeoff performance, Brown, according to the others, took offense at the questioning and became "belligerent," "agitated" and "angry." Hr'g Tr. 26–27, J.A. 17–18. Brown allegedly threatened Moon with physical confrontation, in effect saying that they should take their conflict "behind a bar." Hr'g Tr. 133, J.A. 124. The altercation reportedly caused Moon to miss a radio call and prompted Brown to leave his station without transferring control of the aircraft to another pilot. Brown tried to return to the cockpit about five minutes later, and Moon eventually instructed him to stay away from the cockpit for the remainder of the flight.

In Brown's absence, Moon and Zimmer took certain safety precautions, including storing the crash axe in Moon's flight bag. They also discussed whether to pull the circuit breaker for the cockpit voice recorder, which would have preserved a record of the altercation but also would have prevented further recording. Moon later testified that he decided not to pull the circuit breaker for safety reasons. The flight landed safely in Shenzhen without further incident and Moon and Zimmer both filed event reports with UPS.

Based on the confrontation described above, the FAA issued an order revoking Brown's airline transport pilot certificate. See 49 U.S.C. § 44709(b)(1)(A). The FAA alleged that Brown violated three FAA regulations by (1) threatening Moon and causing him to miss a radio call, see 14 C.F.R. § 121.580, (2) leaving his seat unmanned after the altercation, see id. § 91.105(a), and (3) otherwise discharging his duties in a careless or reckless manner, see id. § 91.13(a). Brown appealed the order to an ALJ, who conducted a hearing and issued an oral decision in favor of the FAA. The ALJ affirmed the FAA's sanction of revocation and made limited findings of fact that adopted Moon and Zimmer's version of events. During the hearing, Brown moved to sanction the FAA for spoliation of evidence due to Moon's failure to preserve the cockpit voice recording, which the ALJ denied.

Brown then appealed the ALJ's oral decision to the NTSB, see 49 U.S.C. § 44709(d), which remanded the case in part due to the ALJ's failure to make express credibility determinations and certain findings of fact necessary to support the regulatory violations charged. The ALJ complied with the Board's instructions on remand and issued a written order that tracked his initial ruling. The ALJ expressly determined that Moon and Zimmer were credible but that Brown was not, primarily because his account contradicted that of the others and because Brown seemed fixated on the events of takeoff, which were not relevant to the regulations the FAA charged him with violating. Brown again appealed the ALJ's order to the NTSB, which affirmed the ALJ's decision in full. The Board upheld the ALJ's legal conclusions, factual findings and spoliation ruling, as well as the FAA's recommended sanction of revocation.

The FAA may issue an order revoking an airline transport pilot certificate if "safety in air commerce or air transportation and the public interest require that action." 49 U.S.C.

§ 44709(b)(1)(A). The NTSB had jurisdiction to hear Brown's appeal of the FAA order revoking his certificate under 49 U.S.C. § 44709(d). We have jurisdiction to consider Brown's timely petition for review of the NTSB's final order. *See id.* § 44709(f). We will uphold the NTSB order "unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,'" *Dickson v. NTSB*, 639 F.3d 539, 542 (D.C. Cir. 2011) (quoting 5 U.S.C. § 706(2)(A)), meaning that we "defer to the wisdom of the agency, provided its decision is reasoned and rational," *Pham v. NTSB*, 33 F.4th 576, 581 (D.C. Cir. 2022) (quoting *Dillmon v. NTSB*, 588 F.3d 1085, 1089 (D.C. Cir. 2009)).

## II.

Brown challenges the NTSB's decision in five respects but none succeeds.

First, he contends that the Board erred in affirming the ALJ's credibility determinations. NTSB precedent "unambiguously requires it to defer to its ALJ's credibility determinations" unless "'there is a compelling reason or the finding was clearly erroneous.'" *Dillmon*, 588 F.3d at 1090 (quoting *Chirino v. NTSB*, 849 F.2d 1525, 1529–30 (D.C. Cir. 1988)). Notwithstanding Brown's protestations to the contrary, our review of the record gives us no reason to disturb the "'reasonable credibility determinations' made by the ALJ and approved by the Board." *Dickson*, 639 F.3d at 542 (quoting *Throckmorton v. NTSB*, 963 F.2d 441, 444 (D.C. Cir. 1992)).

Second, Brown argues that the Board erred in affirming the ALJ's factual findings, including his findings that: (1) Brown prematurely raised the aircraft for takeoff; (2) Brown stood up from his seat before verbally threatening Moon; (3) Brown left his duty station without transferring control to another pilot; and (4) Brown caused Moon to miss the radio call. The NTSB did not rely on the first two findings and the other findings enjoy substantial evidentiary support in the record. *See* 49 U.S.C. § 1153(b)(3); *Chritton v. NTSB*, 888 F.2d 854, 856 (D.C. Cir. 1989). Ample evidence supports the conclusions that Brown left his seat without ensuring that another pilot had control of the aircraft and that Brown's escalation of the conversation regarding takeoff contributed to the missed radio call. Accordingly, the ALJ's factual findings, as approved by the Board, must stand.

Third, Brown argues that the Board acted arbitrarily or capriciously in affirming the ALJ's conclusion that his conduct violated FAA regulations. *See* 14 C.F.R. § 91.105(a) (prohibiting crewmembers from leaving their duty stations unless their "absence is necessary to perform duties in connection with the operation of the aircraft or in connection with physiological needs"); *id.* § 121.580 ("No person may assault, threaten, intimidate, or interfere with a crewmember in the performance of the crewmember's duties . . . ."); *id.* § 91.13(a) (prohibiting any person from operating the aircraft "in a careless or reckless manner"). Because the regulatory violations plainly follow from the ALJ's factual findings, we uphold the NTSB's affirmance of the regulatory violations.

Fourth, Brown challenges the Board's decision to uphold the FAA's choice of sanction. The FAA may revoke an individual's airline transport pilot certificate if "safety in air commerce

or air transportation and the public interest require that action," 49 U.S.C. § 44709(b)(1)(A), and the NTSB must defer to the Administrator's choice of remedy unless the remedy "is unwarranted in law" or "without justification in fact." *Pham*, 33 F.4th at 583 (quoting *Am. Power & Light Co. v. SEC*, 329 U.S. 90, 112–13 (1946)). The NTSB properly deferred to the Administrator's choice of remedy, notwithstanding Brown's arguments to the contrary.

Finally, Brown claims that the Board improperly upheld the ALJ's denial of Brown's spoliation motion, which was based on Moon's decision not to disable the cockpit voice recorder. The ALJ did not abuse his discretion in denying Brown's spoliation motion. *See Gerlich v. U.S. Dep't of Justice*, 711 F.3d 161, 167 (D.C. Cir. 2013). Brown fails to identify the source of any duty of Moon, a non-party, to preserve records relevant to this revocation proceeding. *See id.* at 170–71. And even if he had such a duty, Moon reasonably decided against disabling the voice recorder; indeed, FAA regulations require voice recorders to be in continuous operation for the entire duration of a flight. *See* 14 C.F.R. § 125.227(a). Therefore, the NTSB properly upheld the ALJ's denial of Brown's spoliation motion.

Accordingly, the petition for review is denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Michael C. McGrail
Deputy Clerk

4